IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

XIANGYUAN ZHU,

      Plaintiff,

v.                                             Case No. 07-4001-KVH

WILLIAM H. JOHNS,

      Defendant.

## **ORDER**

This matter comes before the court upon plaintiff's Motion to File Amended Complaint (Doc. 16). Defendant has filed a timely response (Doc. 20) to which plaintiff has filed a reply (Doc. 25). Also pending before the court is plaintiff's Motion for Extension of Time to File Response to Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. 18). Defendant has not filed a response and the time to do so has passed.[1] These issues are thus fully briefed and ripe for decision.

      **Motion to File Amended Complaint (Doc. 16)**

Fed. R. Civ. P. 15 governs the procedure for amending the pleadings. Rule 15(a) states, in pertinent part, that "[A] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served" or after a responsive pleading has been served "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."[2]

      In the present motion plaintiff states:

---

[1]*See* D. Kan. Rule 6.1(d).

[2]Fed. R. Civ. P. 15(a).

> This Court should allow the filing of plaintiff's amended complaint because she as a party in this Case is legally correct to amend her pleading once as a matter of course anytime before a responsive pleading is served. . . .  Plaintiff amends her pleading before responsive pleading is served to correct errors and defects in the pleadings.  Plaintiff will be prejudiced id [sic] not allowed to amend.

Essentially, plaintiff argues that defendant's Motion to Dismiss is not a responsive pleading and consequently plaintiff has the right to amend her pleading without first receiving leave of the court.

Under Rule 15(a), "[t]he 'responsive pleading' contemplates a substantive response to the allegations in the complaint.  A motion to dismiss, for example, does not cut off a plaintiff's right to amend without leave of court."[3] However, in some instances a motion to dismiss can be construed a responsive pleading.  While "[o]rdinarily, a motion to dismiss is not deemed a responsive pleading", a "motion to dismiss is treated like a responsive pleading when final judgment is entered before plaintiff files an amended complaint."[4]

Here, because final judgment had not been entered before plaintiff sought to file her amended complaint, defendant's motion to dismiss is not considered a responsive pleading.  As a result, plaintiff is entitled to file her amended complaint once as a matter of course.

Because plaintiff is free to file her amended complaint, the court will not evaluate whether plaintiff's amended complaint is futile or whether the court should grant plaintiff leave to file her amended complaint.  Such issues are not before the court.

---

[3]*Am. Bush v. City of South Salt Lake*, 42 Fed. Appx. 308, No. 01-4121 & 01-4122, 2002 U.S. App. LEXIS 13397 at * 5 (10th Cir. July 5, 2002).

[4]*Grahm v. Prudential Home Mortg. Co.*, 186 F.R.D. 651, 654 n.2  (D. Kan. 1999) (citation omitted).

**Motion for Extension of Time to File Response to Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. 18).**

Plaintiff seeks to extend the deadline for filing her response to defendant's Motion to Dismiss (Doc. 14) by twenty-three days from when the court rules upon her motion to amend. Defendant has not filed a response to this motion and the time to do so has passed.

Under D. Kan. 6.1(d)(1) responses to non-dispositive motions are to be filed within 14 days of the filing of the original motion. Normally, "[t]he failure to file a brief or response within the time specified with Rule 6.1(d) shall constitute a waiver of the right thereafter to filed such a brief or response except upon a showing of excusable neglect. . . .  If a respondent fails to file a response within the time required by Rule 6.1(d) the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice."[5]  Here, the court has no reason to refrain from granting plaintiff's motion without further notice.

Accordingly,

IT IS THEREFORE ORDERED that plaintiff's Motion to File Amended Complaint (Doc. 16) is granted.  The Clerk's office is directed to file Attachment 1 to Doc. 25 as plaintiff's Amended Complaint.[6]

IT IS FURTHER ORDERED that plaintiff's Motion for Extension of Time to File Response to Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. 18) is granted. Plaintiff

---

[5]*See* D. Kan. Rule 7.4

[6]Plaintiff attached her "Amended Complaint" to her Memorandum in Support (Doc. 17)(Attachment 1).  In plaintiff's reply in support of her motion she attached "Amended Complaint (Final Version)."  The court construes plaintiff's filings to mean that the "Amended Complaint (Final Version)" attached to her reply brief is the version of her amended complaint she would like to be filed.  The court cautions the plaintiff that she will need to seek leave of court to file any further amended complaints.

has up to and including **June 15, 2007** to file a responsive brief to defendant's Motion to

Dismiss (Doc. 15).

    IT IS SO ORDERED.

    Dated this 23rd day of May, 2007, at Topeka, Kansas.

                          s/ K. Gary Sebelius
                          K. Gary Sebelius
                          U.S. Magistrate Judge