**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| XIANGYUAN ZHU, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WILLIAM H. JOHNS, )<br>)<br>)<br>Defendant. )<br>_____) | Case No. 07-4001-KHV |

**MEMORANDUM AND ORDER**

Xiangyuan Zhu brings suit against William H. Johns, her former physician, asserting claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq., and Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a-2. This case comes before the Court on plaintiff's Motion To Recuse (Doc. #22) filed May 22, 2007. For reasons set forth below, the Court finds that plaintiff's motion should be overruled.

In her motion for recusal, plaintiff asserts that Magistrate Judge James P. O'Hara and the undersigned judge should recuse. In her reply, plaintiff acknowledges that Judge O'Hara is not assigned to this case. The Court therefore overrules as moot the motion to recuse Judge O'Hara.

Plaintiff asserts that the undersigned has a duty to recuse under 28 U.S.C. § 455(a). In an affidavit in support of her motion, plaintiff cites adverse rulings in Zhu v. Countrywide Realty Co., Case No. 00-2290 (in which the Court enforced a settlement agreement), Zhu v. St. Francis Health Center, Case No. 05-2139 (in which the Court imposed monetary sanctions on plaintiff) and Zhu v. Federal Housing Finance Board, Case No. 04-2539 (in which the Court dismissed plaintiff's

complaint with prejudice when plaintiff did not timely file an amended complaint).[1] Plaintiff notes that she has filed with the Tenth Circuit Executive a complaint regarding the undersigned.

The Court treats plaintiff's argument as a request for recusal under 28 U.S.C. §§ 144 and 455(a) and (b). The Court exercises discretion in deciding whether to recuse. See Weatherhead v. Globe Int'l, Inc., 832 F.2d 1226, 1227 (10th Cir. 1987). Section 144 provides that

> [w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144. Plaintiff's allegation of bias appears to be based primarily upon her disagreement with the Court's rulings in prior proceedings. Such allegations are insufficient to require recusal under Section 144. See Glass v. Pfeffer, 849 F.2d 1261, 1267-68 (10th Cir. 1988).

---

[1] Plaintiff also asserts that the undersigned has a bias based on social-economic status, as demonstrated by (1) the Court's elimination of drop-boxes for filing court documents and (2) the undersigned's statement that "because plaintiff proceeds *in forma pauperis*, the district court believes that a greater award [of sanctions] would be more than needed to deter plaintiff." See Plaintiff's Reply (Doc. #34) at 7-8. She also cites the reassignment of this case to the undersigned as evidence of partiality. Id. at 9. Although plaintiff filed a timely affidavit under 28 U.S.C. § 144, she does not address these facts in the affidavit. In any event, none of these grounds are sufficient to require recusal.

The Court eliminated drop boxes because of security concerns which surfaced coincidentally with plaintiff's practice of abusing the drop box facilities. The Court's primary concern was building security. Further, the Court's decision to impose modest monetary sanctions in consideration of plaintiff's *in forma pauperis* status reflects the required legal standard rather than social-economic bias. Finally, the Court reassigned plaintiff's case to the undersigned for reasons of judicial efficiency and economy, i.e. this judge's longstanding familiarity with the facts and legal issues in plaintiff's various cases, which are greatly interrelated.

Likewise, plaintiff has not shown a proper basis for recusal under Section 455(a). That statute requires a judge to recuse "in any proceeding in which [his or her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The judge's subjective state of mind is irrelevant. See United States v. Cooley, 1 F.3d 985, 993 (10th Cir. 1993). The test is objective: "whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." Id. (further quotations omitted). The statutory guidance for recusal must also be read in light of a judge's "duty to sit" on cases filed with the court. See Nichols v. Alley, 71 F.3d 347, 351 (10th Cir. 1995) (judge has as strong a duty to sit when there is no legitimate reason to recuse as she does to recuse when law and facts require). Here, plaintiff argues that adverse rulings and her complaint to the Circuit Executive would cause an objective observer to question the undersigned's impartiality. Plaintiff alleges no facts which suggest that a reasonable person would question the impartiality of the undersigned judge. See Lynn v. Varella, No. 06-3172, 2007 WL 293906, at *1 (D. Kan. Jan. 26, 2007) (plaintiff may not force recusal simply by filing judicial misconduct complaint). Recusal under Section 455(a) is therefore inappropriate.

Under Section 455(b)(l), a judge must disqualify if she has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding. The statute is not intended to give litigants a veto power over sitting judges, or as a vehicle for obtaining a judge of their choice. Cooley, 1 F.3d at 992-93. Consequently, a judge should not recuse on unsupported, irrational, or highly tenuous speculation. Plaintiff does not allege that the undersigned has personal knowledge of disputed evidentiary facts. Further, plaintiff makes only conclusory allegations of personal bias and prejudice. The undersigned has no personal bias or prejudice against plaintiff. Accordingly, the Court finds that recusal is not necessary.

**IT IS THEREFORE ORDERED** that plaintiff's Motion To Recuse (Doc. #22) filed May 22, 2007 be and hereby is **OVERRULED**.

Dated this 16th day of August, 2007 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge