IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

XIANGYUAN ZHU,

      Plaintiff,

v.                                        Case No. 07-4001-KHV

WILLIAM H. JOHNS,

      Defendant.

**MEMORANDUM AND ORDER**

This matter comes before the court on plaintiff's Motion to Recuse (Doc. 62) and plaintiff Motion for Reconsideration (Doc. 63) and Memorandum in Support (Doc. 64). Defendant has not file a response, and the time to do so has passed.[1] Upon review of plaintiff's motions the court is prepared to rule.

**I.    Motion to Recuse (Doc. 62)**

While plaintiff argues the undersigned should recuse pursuant to 28 U.S.C. § 455(a), the court, out of an abundance of caution, will consider plaintiff's motion as a request for recusal pursuant to 28 U.S.C. §§ 144 and 455(a) and (b). As a general matter, the court has discretion when deciding whether to recuse.[2]

    **A.    28 U.S.C. § 144**

Section 144 provides:

[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

---

[1] *See* D. Kan. Rule 6.1(d).

[2] *See Weatherhead v. Globe Int'l, Inc.*, 832 F.2d 1226, 1227 (10th Cir.1987).

> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

Plaintiff's allegation of bias appears grounded upon her disagreement with the undersigned's denial of her Motion for Appointment of Counsel. Such allegations offer an insufficient basis to require recusal under Section 144.[3] Accordingly, recusal is not proper under Section 144.

**B.     28 U.S.C. § 455(a)**

Similarly, plaintiff has not shown a proper basis for recusal under 28 U.S.C. § 455(a). Section 455(a) requires a judge to recuse "in any proceeding in which [his or her] impartiality might reasonably be questioned." This objective standard asks "whether a reasonable person, knowing all of the relevant facts, would harbor doubts about the judge's impartiality."[4] The judge's subjective state of mind is irrelevant.[5] "There is as much obligation for a judge *not* to recuse himself when there is no occasion for him to do so as there is for him to do so when there is."[6] Moreover, a litigant's feelings "which, of necessity, must be subjective, cannot without more be made the test."[7] Finally, "adverse judicial rulings, standing alone, do not constitute a valid basis for recusal based

---

[3] *See Glass v. Pfeffer*, 849 F.2d 1261, 1267-68 (10th Cir. 1988).

[4] *Nichols v. Alley*, 71 F. 3d 347, 351 (10th Cir. 1995) (citations omitted.)

[5] *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993).

[6] *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987) (citations omitted)(emphasis added).

[7] *United States v. Corr*, 434 F. Supp. 408, 413 (S.D.N.Y. 1977) (quoting *Wolfson v. Palmieri*, 396 F.2d 121, 125 (2nd Cir. 1968).

on bias or partiality."[8]

Upon review of plaintiff's motion the court can only infer that the basis upon which plaintiff seeks recusal of the undersigned is the undersigned's denial of plaintiff's Motion to Appoint Counsel (Doc. 59). Specifically, plaintiff's claims that the undersigned "is bullying of pro se Plaintiff that she 'has mistakenly requested court-appointed counsel pursuant to Title VII.'"[9] Plaintiff also states that the undersigned "failed to comply with the law" and made "public comment about the merits of pending actions" specifically *Zhu v. Fed. Housing Fin. Board*, No. 04-2539-KHV and *Zhu v. St. Francis Health Center*, No. 05-2139-KHV.[10]

While express language in judicial rulings *may* evidence bias or prejudice, the instance situation is not such a case.[11] Here, the court merely pointed out that plaintiff's Motion for Appointment of Counsel was not entitled to the treatment under Title VII, because plaintiff had not filed a cause of action under Title VII. Additionally, plaintiff ignores that the undersigned actually applied the Title VII factors to plaintiff's motion (out of an abundance of caution) and denied plaintiff's motion under that standard. Indeed, plaintiff's bullying allegation is further belied considering the undersigned's previously rulings in plaintiff's favor.[12] Because a reasonable person with knowledge of all the relevant facts would harbor no doubts as to the undersigned's impartiality, recusal is inappropriate under 28 U.S.C. § 455(a).

---

[8]*Butler v. Boeing Co.*, No. 01-2433, 2002 U.S. Dist. LEXIS 14813, at * 3 (D. Kan. May 30, 2002) (citing Traylor v. Gibson, 202 F.3d 283 at *1 (10th Cir. Jan. 11, 2000)).

[9]Motion to Recuse (Doc. 62) at p. 3.

[10]*Id.* at p. 4.

[11]*Liteky v. United States.*, 510 U.S. 540, 554-55 (1994).

[12]*See* Order (Doc. 16) (granting plaintiff's Motion to File Amended Complaint).

### C. 28 U.S.C. § 455(b)(1)

Under Section 455(b)(1), a judge must disqualify if he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts regarding the proceeding. The statute is not meant to give litigants a veto power over judges, or act as a vehicle for obtaining a judge of the litigant's preference.[13] As the undersigned has no personal bias or prejudice against plaintiff, and plaintiff has not alleged any facts to the contrary, the court finds recusal improper under 28 U.S.C. § 455(b)(1).

## II. Motion for Reconsideration (Doc. 63)

D. Kan. Rule 7.3 instructs that motions for reconsideration must be based on "(1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct or prevent manifest injustice."[14] "[W]here the court has misapprehended the facts, a party's position or the controlling law" reconsideration may be appropriate.[15] However, "[i]t is well settled that a motion to reconsider is not a second chance for the losing party to ask the Court to revisit issues already addressed or to consider new arguments and supporting facts that *could have been presented originally*."[16] So too, a motion for reconsideration is not a "second chance when a party has failed to present its strongest case in the first instance."[17] The decision to grant or deny a motion for

---

[13] *United States v. Cooley*, 1 F3d 985, 992-93 (10th Cir. 1993).

[14] *Servants of the Paraclete v. Doe*, 204 F.3d 1005, 1012 (10th Cir. 2000).

[15] Id. at 1012.

[16] *Sonnino v. Univ. of Kansas Hosp. Auth.*, 221 F.R.D. 661, 664 (D. Kan. 2004)(emphasis added).

[17] *Id.* (citation omitted).

reconsideration lies soundly within the court's discretion.[18]

Plaintiff has not alleged an intervening change in controlling law or indicated the availability of new evidence. Accordingly, the court construes the basis of plaintiff's motion as seeking to correct a manifest injustice.

Plaintiff alleges that the undersigned "improperly cit[ed] cases pending in other courts in its denying Plaintiff's application for appointment of counsel" and as a result the court should reconsider its ruling.[19] Plaintiff has failed to indicate how the court's *reference* to other cases in which plaintiff has been involved warrants reconsideration of its order. Considering that plaintiff's ability to present her case without counsel can prove a dispositive factor in determining appointment of counsel in Title VII cases, the fact that plaintiff has participated in over twenty separate lawsuits demonstrates plaintiff's ability to present her case and the court was justified in considering that fact.

Plaintiff's motion also states that the court failed to properly consider her motion under the Title VII standard. Again, what plaintiff fails to address is that the undersigned actually applied the Title VII factors to plaintiff's case, despite the fact that plaintiff had not brought her claim under Title VII. As a result, even assuming *arguendo* plaintiff is correct and the court should have used the Title VII standard, because the court actually applied this standard the court could not have misapprehended the controlling law as plaintiff claims.

That plaintiff did not demonstrate in the first instance (1) her financial need; (2) the meritorious nature of her allegations against defendant; or (3) her inability to prepare and present her case, is not cause to allow plaintiff a second bite at the apple and grant a reconsideration of the

---

[18] *Hancock v. City of Oklahoma City*, 857 F.3d 1394, 1395 (10th Cir. 1988); *Wichita Clinic, P.A. v. Columbia/HCA Healthcare Corp.*, 45 F. Supp. 2d 1164, 1207 (D. Kan. 1999).

[19] Memorandum in Support (Doc. 64) at p. 1.

5

court's previous ruling.

       Accordingly,

       IT IS THEREFORE ORDERED that plaintiff's Motion to Recuse (Doc. 62) and Motion for Reconsideration (Doc. 63) are denied.

       IT IS SO ORDERED.

       Dated this 21st day of December, 2007, at Topeka, Kansas.

                                        s/ K. Gary Sebelius
                                        K. Gary Sebelius
                                        United States Magistrate Judge