IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| XIANGYUAN ZHU, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 07-4001-KHV |
| | ) |
| WILLIAM H. JOHNS, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Xiangyuan Zhu brings suit *pro se* against William H. Johns, her former physician, asserting claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq., and Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a-2. This matter comes before the Court on defendant's Motion To Dismiss Plaintiff's Amended Complaint (Doc. #29) filed June 13, 2007. For substantially the reasons set forth in the Memorandum In Support Of Defendant's Motion To Dismiss Plaintiff's Amended Complaint (Doc. #30) filed June 13, 2007, the Court finds that defendant's motion should be sustained.

Defendant argues that res judicata bars plaintiff's RICO claims because the Shawnee County, Kansas District Court entered judgment in his favor on the same cause of action as plaintiff asserts here. Under res judicata, commonly referred to as claim preclusion, a final judgment on the merits precludes the parties or their privies from relitigating any claims that were or could have been raised in that action. See Augustine v. Adams, 88 F. Supp.2d 1166, 1170 (D. Kan. 2000). In determining whether res judicata applies, a federal court gives the state court judgment the same effect that it would be given by the state where the judgment was handed down. Cubie v. Bryan Career Coll.,

Inc., 244 F. Supp.2d 1191, 1199 -1200 (D. Kan. 2003); see also Knox v. Lederle Lab., 4 F.3d 875, 878 (10th Cir. 1993).  Kansas courts use three factors to evaluate the preclusive effect of res judicata: (1) the first suit must have proceeded to a final judgment on the merits; (2) the parties must be the same or in privity; and (3) the suits must be based on the same cause of action.  Grimmett v. S & W Auto Sales Co., 26 Kan. App.2d 482, 487-88, 988 P.2d 755, 758 (1999).  Within those factors, Kansas courts consider whether the parties were fully heard, whether the decision was supported by a reasoned opinion and whether the decision was subject to or reviewed on appeal.  Cubie, 244 F. Supp.2d at 1200.

Plaintiff primarily argues that the Kansas court dismissed her RICO claims for lack of subject matter jurisdiction, and that therefore the dismissal was not a determination on the merits.  The record reflects, however, that the Kansas court sustained defendant's motion for summary judgment because plaintiff did not present genuine issues of material fact to support her claims.  See Memorandum Decision And Order (Doc. #30-2).  It is well established that summary judgment is a final judgment on the merits for purposes of claim preclusion.  Solien v. Physicians Bus. Network, Inc., 22 F. Supp.2d 1237, 1239 (D. Kan. 1998) (citations omitted); see also Grimmett, 988 P.2d at 759 (Kansas court finding summary judgment is a final decision on the merits).  The Kansas judgment against plaintiff is "on the merits" for purposes of res judicata.  For this reason, and for substantially the reasons set forth in the Memorandum In Support Of Defendant's Motion To Dismiss Plaintiff's Amended Complaint (Doc. #30) filed June 13, 2007, the Court finds that defendant's motion should be sustained.

Defendant asks the Court to award attorney's fees under 42 U.S.C. § 2000a-3(b), which provides as follows:

> In any action commenced pursuant to this subchapter, the court, in its discretion, may

>   allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs, and the United States shall be liable for costs the same as a private person.

42 U.S.C. § 2000a-3(b). Rule 54, Fed. R. Civ. P., provides that a claim for attorney's fees must be made by motion. Further, under D. Kan. Rule 54.2, the Court will not consider a motion to award statutory attorney's fees until the moving party has advised the Court that he has consulted with the opposing party to try to reach an agreement with regard to the fee award.[1] Because defendant has not followed local rules, his request for attorney's fees is overruled.

**IT IS THEREFORE ORDERED** that defendant's Motion To Dismiss Plaintiff's Amended Complaint (Doc. #29) filed June 13, 2007 be and hereby is **SUSTAINED**.

Dated this 2nd day of January, 2008 at Kansas City, Kansas.

>   s/Kathryn H. Vratil
>   Kathryn H. Vratil
>   United States District Judge

---

[1] D. Kan. R. 54.2 provides in relevant part:

>   The court will not consider a motion to award statutory attorney's fees made pursuant to Fed. R. Civ. P. 54(d)(2) until the moving party shall have first advised the court in writing that after consultation promptly initiated by the moving party, the parties have been unable to reach an agreement with regard to the fee award.
>
>   * * *
>
>   If [the parties] are unable to agree, within 30 days of the filing of the motion under Fed. R. Civ. P. 54(d)(2), the moving party shall file the statement of consultation required by this rule and a memorandum setting forth the factual basis for each criterion which the court is asked to consider in making an award. Other parties shall have 10 days in which to file a response to the memorandum.

D. Kan. Rule 54.2.

3