**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| XIANGYUAN ZHU, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 07-4001-KHV |
| | ) |
| WILLIAM H. JOHNS, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Xiangyuan Zhu brings suit *pro se* against William H. Johns, her former physician, asserting claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq., and Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a-2. On January 2, 2008, the Court sustained defendant's motion to dismiss. This matter is before the Court on plaintiff's Motion To Add And Amend Findings Of Fact (Doc. #68) filed January 4, 2008 and Motion To Alter Or Amend The Judgment (Doc. #72) filed January 8, 2008. For reasons set forth below, the Court finds that the motions should be overruled.

### Legal Standards

Rule 59(e), Fed. R. Civ. P., permits plaintiff's motion to alter or amend the Court's judgment. Only limited grounds support a Rule 59(e) motion. See Brown v. Day, 477 F. Supp.2d 1110, 1112 (D. Kan. 2007) (citing Adams v. Reliance Standard Life Ins. Co., 225 F.3d 1179, 1186 n. 5 (10th Cir. 2000)) (Rule 59(e) motions "should be granted only to correct manifest errors of law or to present newly discovered evidence"). The Court has discretion whether to grant or deny a Rule 59(e) motion. See Phelps v. Hamilton, 122 F.3d 1309, 1324 (10th Cir. 1997).

**Procedural History**

In its motion to dismiss, defendant asserted that res judicata barred plaintiff's RICO claims and that plaintiff did not plead an actionable violation of the Civil Rights Act. For substantially the reasons set forth in defendant's memorandum in support, the Court sustained the motion to dismiss. The Court specifically addressed defendant's argument that res judicata barred the RICO claims because the District Court of Shawnee County, Kansas had entered judgment in his favor on the same cause of action which plaintiff asserted here. See Augustine v. Adams, 88 F. Supp.2d 1166, 1170 (D. Kan. 2000) (final judgment on merits precludes parties from relitigating claims that were or could have been raised in earlier action). Plaintiff argued that the Kansas court dismissed her RICO claims for lack of subject matter jurisdiction, and that the dismissal was therefore not a determination on the merits. This Court, however, noted that the Kansas court sustained defendant's motion for summary judgment because plaintiff did not present genuine issues of material fact to support her claims, and that summary judgment is a final judgment on the merits for purposes of claim preclusion. Solien v. Physicians Bus. Network, Inc., 22 F. Supp.2d 1237, 1239 (D. Kan. 1998) (citations omitted); see also Grimmett v. S & W Auto Sales Co., 26 Kan. App.2d 482, 487-88, 988 P.2d 755, 759 (1999) (Kansas court finding summary judgment is final decision on merits). For this reason, and for substantially the reasons set forth in the Memorandum In Support Of Defendant's Motion To Dismiss Plaintiff's Amended Complaint (Doc. #30) filed June 13, 2007, the Court found that defendant's motion to dismiss should be sustained.

**Analysis**

Although plaintiff's motions and supporting documents are far from clear, the Court discerns two basic arguments: (1) that the Court erred in finding that the state court decision bars her RICO claims; and (2) that the Court erred in dismissing her claims under Title II of the Civil Rights Act.

A.   RICO Claims

Plaintiff argues that in the state court proceeding defendant did not seek summary judgment on her RICO claims, and that the state court summary judgment on those claims does not preclude her from litigating those claims in this proceeding.  The record, however, reflects that the defendant filed a motion for summary judgment as to all claims, and that the Kansas court sustained it because plaintiff did not identify genuine issues of material fact to support her claims.[1]  See Memorandum Decision And Order (Doc. #30-2).  Plaintiff presents no basis for this Court to disturb that ruling.

B.   Civil Rights Act Claims

Plaintiff asserts that the Court erred in dismissing her claims under Title II of the Civil Rights Act on the basis of res judicata.  The Court, however, did not dismiss those claims on res judicata grounds.  It dismissed the claims for substantially the reasons set forth in defendant's memorandum – that plaintiff had not pled a violation of Title II of the Civil Rights Act.  Plaintiff has not addressed how the Court erred in that determination.

As noted above, the Court may grant a motion under Fed. R. Evid. 59(e) to correct manifest errors of law or to allow newly discovered evidence. Plaintiff has not shown availability of new evidence, or the need to correct manifest errors of law.  For these reasons, and for substantially the reasons set forth in defendant's Memorandum In Opposition To Plaintiff's Motions And Pleadings Filed After Entry of Judgment (Doc. #74) filed February 8, 2008, the Court finds that plaintiff's motions should be overruled.

**IT IS THEREFORE ORDERED** that plaintiff's Motion To Add And Amend Findings Of

---

[1]   Plaintiff also argues that the Court did not consider her claims under 18 U.S.C. §§ 24, 1035 and 1347. Plaintiff's amended complaint, however, alleged violations of those statutes as predicates of the alleged RICO violations – not as freestanding causes of action.

<u>Fact</u> (Doc. #68) filed January 4, 2008 and <u>Motion To Alter Or Amend The Judgment</u> (Doc. #72) filed January 8, 2008, be and hereby are **OVERRULED**.

Dated this 13th day of February, 2008 at Kansas City, Kansas.

<u>s/Kathryn H. Vratil</u>
Kathryn H. Vratil
United States District Judge